[Cite as *In re Blough*, 2010-Ohio-6706.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: STEPHANIE K. BLOUGH

STEPHANIE K. BLOUGH

      Applicant

Case No. V2009-40714

Judge Joseph T. Clark

<u>DECISION</u>

---

{1}This matter came on to be considered upon applicant's appeal from the August 19, 2010 order issued by the panel of commissioners. The panel's determination affirmed the final decision of the Attorney General, which denied applicant's claim for an award of reparations based upon the finding that applicant failed to prove that she was a victim of criminally injurious conduct.

{2}R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that applicant failed to present sufficient evidence to meet her burden.

{3}The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The decision of the judge of the court of claims is final."

{4}Applicant asserts that the decision of the panel of commissioners was unreasonable and unlawful in finding that applicant failed to prove that she was a victim of criminally injurious conduct. According to applicant, the alleged offender had acted in a threatening manner on several occasions and he came to her residence on June 9, 2008. Applicant reported the June 9, 2008 incident to the Massillon Police Department; however, the investigating officers determined that there was insufficient evidence to charge the alleged offender with either criminal trespass or menacing by stalking. Applicant subsequently obtained an ex parte civil protection order that was issued by a magistrate of the Stark County Court of Common Pleas. Applicant contends that order of protection and the evidence she submitted to the court was sufficient to show that the alleged offender committed the offense of menacing by stalking pursuant to R.C. 2903.211 and that the offense necessarily constitutes criminally injurious conduct.

{5}The Attorney General asserts that applicant failed to prove by a preponderance of the evidence that the conduct of the alleged offender was criminally injurious conduct. According to the Attorney General's investigation, the Massillon Police Department issued a report which stated that the alleged offender denied that he entered upon applicant's property on June 9, 2008, and applicant's husband was unable to confirm the suspect's presence.

{6}At the judicial hearing, applicant's attorney argued that the panel's decision was contrary to R.C. 2903.211(D) and case law that has interpreted the statute. Specifically, applicant contends that applicant suffered sufficient mental distress to support a finding that she was a victim of the offense of menacing by stalking. However, the issue before the court is whether applicant qualifies as a victim of criminally injurious conduct pursuant to R.C. 2743.51(C)(1) which provides, in relevant part:

{7}"(C)  'Criminally injurious conduct' means one of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death * * *."

{8}The panel noted in its decision that the alleged offender had never physically or verbally confronted applicant. The panel determined that evidence in the record was insufficient to prove by a preponderance of the evidence that the alleged incidents collectively would cause applicant to believe that she would suffer physical harm. Although the panel acknowledged that a magistrate had found good cause to issue an ex parte civil protection order against the alleged offender, the panel concluded that applicant had failed to present any evidence to show either that she suffered any physical or mental harm or that she sought professional treatment for such injury.

{9}There is sufficient information in the claim file to support the panel's determination that applicant failed to prove that she suffered any physical or mental harm. Absent proof that the alleged conduct posed a substantial threat of personal injury or death, applicant cannot sustain her burden of proving that she was a victim of criminally injurious conduct. Upon review of the file in this matter, the court finds that the panel of commissioners was not arbitrary in finding that applicant did not show by a preponderance of the evidence that she was entitled to an award of reparations.

{10}Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful. Therefore, this court affirms the decision of the panel, and hereby denies applicant's claim.

_____
JOSEPH T. CLARK
Judge



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: STEPHANIE K. BLOUGH

STEPHANIE K. BLOUGH

      Applicant


Case No. V2009-40714

Judge Joseph T. Clark

## ORDER

Upon review of the evidence, the court finds the order of the panel of commissioners must be affirmed and applicant's appeal must be denied.

IT IS HEREBY ORDERED THAT:

{11}1)  The order of August 19, 2010, (Jr. Vol. 2276, Page 47) is approved, affirmed and adopted;

{12}2)  This claim is DENIED and judgment entered for the State of Ohio;

{13}3)  Costs assumed by the reparations fund.


JOSEPH T. CLARK
Judge

AMR/cmd

      A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Stark County Prosecuting Attorney and to:

Filed 12-1-10
Jr. Vol. 2277, Pg. 117
Sent to S.C. Reporter 9-21-11